# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Vasile Williams, | ) | Case No. 25-     (BLS) |
| | ) | |
| Debtor. | ) | |

## CHAPTER 13 PLAN

**I.     Notice**

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING:

☐ **The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor**

☐ **The plan will seek avoidance of a lien or security interest**

☐ **The plan contains nonstandard provisions in paragraph VI**

**II.    Plan payments and length of Plan:** The future earnings of the Debtor are submitted to the supervision and control of the court and the Debtor's employer or the Debtor shall pay to the Trustee the sum of **$1,131.00** (monthly) for **60** months.

**III.   Plan Distribution:** From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. **Priority Claims:** Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507

   ☑  a.  Debtor's Counsel Fees: $5,000 of which **$4,753.00** to be paid through the plan.

   ☐  b.  Priority Taxes:

       i.  Internal Revenue Services: **$_____**

ii. State of Delaware: **$ _____**

- [ ] c. Child Support: Payments to _____ to continue payment through payroll deduction of Debtor.

- [ ] d. Student Loans: _____ ($_____) to be paid direct by Debtors.

2. **Secured Claims:**

- [ ] Pro rata with

- [x] **Or Subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:**

  - [ ] a. Long term or mortgage debt – Real property located at: _____. - PRE-PETITION ARREARAGE ONLY, to be paid to _____ in the amount of **$**_____ for total pre-petition arrears.

  - [ ] Debtor shall continue to make regular post-petition payments directly to _____ starting with _____ 2025 payment. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

  - [ ] b. Secured Vehicle Debt (Cramdown): Pro-rata payments to _____ in the amount of $_____ for payment in full of the value of property plus 8.50 % TILL interest for the _____. Total payments will be **$**_____. Creditor to mark account as "paid in full" and turn title over to the Debtor upon completion of payments through this plan and discharge of this case.

  - [x] c. Secured Vehicle Debt (910 Car Claim) – Pro-rata payments to **Freedom Road Financial** in the full amount of the vehicle claim of **$4,263.00** plus 8.50 % TILL interest for the **2014 Triumph Thunderbird Motorcycle**. Total payments will be **$5,247.72.** Creditor to mark account as "paid in full" and turn title over to the Debtor upon completion of payments through this plan and discharge of this case.

  - [x] d. Secured Vehicle Debt- Paid Direct – **Ally Financial** for the **2021 Chevrolet Silverado 1500 LT Crew**. Debt to be paid direct, outside the Plan by the Co-Signer. Shall the account become delinquent, Relief of the Debtor and Co-Debtor Stay shall be granted without further hearing or notice.

☑ e. Secured Vehicle Debt (910 Car Claim) – Pro-rata payments to **BMO Harris Bank** in the full amount of the vehicle claim of **$35,954.00** plus 8.50 % TILL interest for the **2022 Coleman Light RV**. Total payments will be **$44,259.08.** Creditor to mark account as "paid in full" and turn title over to the Debtor upon completion of payments through this plan and discharge of this case.

☑ f. Secured Vehicle Debt – Paid Direct –**Exeter Finance LLC** for the **2018 Ford Fiesta**. Debt to be paid direct, outside the Plan by the Co-Signer. Shall the account become delinquent, Relief of the Debtor and Co-Debtor Stay shall be granted without further hearing or notice.

☑ g. Other Secured Debt: **Mechanics Tools**: Pro-rate Payments to **Snap-On Tools** in the amount of $6,000 plus 8.50% TILL interest for **Mechanic's tools**. Total payments will be **$7,385.95**. Creditor to mark account as "paid in full" upon completion of the payment through this plan and discharge of this case.

3. **Surrender of Collateral and Co-Debtor Relief:**

    ☐ a. Debtor(s) surrenders secured collateral _____ to _____. Debtor (s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. Section 362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan. Claims, if any submitted by such creditor may receive a distribution under the Plan I such claims reflect an applicable deficiency balance remaining following surrender.

    ☐ b. Co-Debtor relief under 11 U.S.C. Section 1301 is granted effective immediately upon confirmation of the Plan as to the surrendered property listed in 3(a).

IV. **Unsecured Claims:** Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid

☐ a. a dividend of 100% of their allowed claim, or

☐ b. a pro-rata dividend of $_____ BIOC, or

☐ c. **$_____**. Disp. Income x 60 months as calculated under Section 1325(b), or

☑    d.   a pro-rata dividend from the base plan, if any.

V. **Leases or Executory Contracts:** The following leases or executory contracts of the Debtor will be treated as follows:
☐    1.   N/A

VI. **Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of the case to Chapter 7 all undistributed plan payments received from Debtor's post-petition wages shall be refunded to the Debtor. Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

VII. **Nonstandard Provisions:** Any other nonstandard provision placed elsewhere in this plan is void.

VIII. **Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the website www.deb.uscourts.gov and client on "File a Claim: and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file paper claim, go to the website www.uscourts.gov and click on "Services and Forms, the click on Bankruptcy Forms, then Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

| | |
|---|---|
| /Vasile Williams | 09/08/2025 |
| Debtor's Signature, Vasile Williams | Date |
| | |
| Debtor's Signature | Date |

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

| | |
|---|---|
| /s/ Cynthia L Carroll | 09/08/2025 |
| Cynthia L. Carroll, Esquire | Date |
| | |
| Self-represented Debtor(s) | Date |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

IN RE: ) Chapter 13
 )
    Vasile Williams, ) Case No. : 25-   (BLS)
 )
    Debtor. )

## CHAPTER 13 PLAN ANALYSIS

Debtors:  Vasile Williams                     Case No.:  25-      (BLS)

Prior:  Bankruptcy ( )      Chapter 13 ( )     Date:

Estimated Length of Plan:  60   months        Trustee Use:

§341 Meeting Date:          Continued:         

Confirmed Date:         

TOTAL DEBT PROVIDED FOR UNDER
THE PLAN AND ADMINISTRATIVE EXPENSES

| | |
|---|---:|
| Total Priority Claims (Class One) | $ |
| Unpaid attorney's fees | $ 4,753.00 |
| Taxes | $ |
| Other | $ |
| | |
| Total of Payments to Cure Defaults (Class Two) | $ |
| Total of Payments on Secured Claims (Class Three) | $ 56,892.75 |
| Total of Payments on Unsecured Claims (Class Four) | $ |
| Sub-total | $ 61,645.75 |
| Total Trustee's Compensation (10% of debtor's payments) | $ 6,164.58 |
| Total Debt and Administrative Expenses | $ 67,810.33 |

---

RECONCILIATION WITH CHAPTER 7

Interest of Class Four Creditors If Chapter 7 Filed
1. Value of Debtor's Interest in Non-exempt Property    $
2. Plus: Value of Property Recoverable Under Avoiding
    powers    $
3. Less: Estimated Chapter 7 Administrative Expense    $
4. Less: Amounts Payable to Priority Creditors other
    than costs of administration    $

5. Equals: Estimated Amount Payable to Class Four
   Creditors if Chapter 7 Filed (if negative, enter zero)   $_____
   Estimated Dividend Under Plan                            $_____


/s/ Vasile Williams                                        09/08/2025
Debtor's Signature, Vasile Williams                        Date


_____                             _____
Debtor's Signature                                         Date


/s/ Cynthia L Carroll                                      09/08/2025
Cynthia L. Carroll, Esquire                                Date


_____                             _____
Self-represented Debtor(s)                                 Date